IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                              :
CORONADO'S POOL PLASTER INC.,                 :
                                              :
    Plaintiff,                                 :
                                              :
    vs.                                        :    No.
                                              :
THE HARTFORD INSURANCE                        :
GROUP, INC. and                               :
MAXUM INDEMNITY COMPANY,                       :
                                              :
    Defendants.                                :
_____:

## DEFENDANTS' NOTICE OF REMOVAL

**TO :**  **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendants The Hartford Insurance Group, Inc. and Maxum Indemnity Company ("Defendants") provide notice of removal of this civil action lawsuit currently venued in the Court of Common Pleas of Montgomery County, Pennsylvania at no. 2026-14180 to the United States District Court for the Eastern District of Pennsylvania, and for the sole purpose of removal hereby aver as follows:

1. This civil action is filed and is now pending in the Court of Common Pleas of Montgomery County, Pennsylvania at docket no. 2026-14180.

2. The action was initiated in the aforementioned court by Plaintiff Coronado's Pool Plaster Inc. ("Plaintiff") filing a civil action Complaint on June 1, 2026. ("Coronado's Complaint"). A true copy of the Coronado's Complaint is attached hereto at Exhibit "A."

3. Defendants were served with the Coronado's Complaint on June 9, 2026. This was the Defendants' first notice of the Coronado's Complaint and lawsuit.

179109418.2

4.      At the time of the filing of this action and at the present time, Plaintiff Coronado's Pool Plaster Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 668 County Line Road, Telford, PA 18969.

5.      At the time of the filing of this action and at the present time Defendant The Hartford Insurance Group, Inc. was/is corporation organized and existing under the laws of the State of Delaware with a registered home office located at One Hartford Plaza, Hartford, CT 06115.

6.      At the time of the filing of this action and at the present time Maxum Indemnity Company was/is an insurance company organized and existing under the laws of the State of Connecticut with a registered home office located at One Hartford Plaza, Hartford, CT 06115.

7.      The amount in controversy in the Coronado's Complaint is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, for the following reasons:

a)  As averred in the Coronado's Complaint, Plaintiff asserts that it is insured by Defendants pursuant to an insurance policy.  (Complaint at ¶ 8).

b)  The Declarations page of the insurance policy attached to Plaintiff's complaint lists the limits of liability as $1 million each occurrence and $2 million in the aggregate.  (Complaint at Ex. A at MAXUM 000016).

c)  As averred in the Coronado's Complaint, on or about September 8, 2025, Jerry Pickett ("Pickett) filed a civil action complaint ("Pickett Complaint") against Plaintiff in the Court of Common Pleas of Montogomery County at no. 2025-199921 asserting claims of negligence, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, violations of the Pennsylvania

179109418.2                                          2

Home Improvement Consumer Protection Act, breach of contract, unjust enrichment, and breach of warranty. (Coronado's Complaint at ¶ 12). Pickett also asserts that Plaintiff was reckless and seeks punitive damages. (Coronado's Complaint at ¶ 76; "Wherefore" clause Count I). Pickett seeks treble damages and attorney fees in this unfair trade practices claim. As alleged, a copy of the Pickett Complaint was attached to Coronado's Complaint at Exhibit "B."

d) As averred in the Coronado's Complaint and Pickett Complaint, Pickett and Plaintiff entered two contracts: 1) August 2023 for $12,000.00, and 2) June 2024 for $16,780.00. (Complaint at ¶ 22). (Coronado's Complaint at ¶¶ 13-14; Pickett Complaint at Exhibits "A" and "B.").

e) As averred in the Coronado's Complaint, Pickett hired Plaintiff in 2023 to: 1) remove tiling from the pool and install a new mortar bed and tile around the pool, 2) install white plaster finish around the surface area of the pool and install new drain covers and fitting, and 3) ensure proper application of the plaster. (Coronado's Complaint at ¶ 13).

f) As averred in the Coronado's Complaint, Pickett also hired Plaintiff to: 1) removal and haul away concrete from the property, 2) installation of a new cantilevered concrete deck, 3) installation of a new sidewalk, and 4) extension of a downspout. (Coronado's Complaint at ¶ 14).

g) As averred in the Coronado's Complaint and the Pickett Complaint, the work was not completed and/or done properly causing the need for the entire pool to be removed and replaced. (Coronado's Complaint at ¶¶ 15-20; Pickett

179109418.2

Complaint at ¶¶ 52, 61, 63, 67, 69-71 ).  As alleged, Plaintiff's conduct caused water to collect underneath the pool causing it to rise out of the ground.  (Id.)

h)  Paragraph 52 of the Pickett Complaint averred: "Early in the afternoon of May 16, 2025, Plaintiff Jerry Pickett arrived home from work and looked in her backyard.  She immediately saw that the entire in-ground pool has become dislodged, raises, and elevated well above-ground level."

i)  Paragraph 70 of the Pickett Complaint averred: "The new contractor confirmed the opinion of the third part[y] representative that Coronados had caused a catastrophic issue in the read year of the Property and that the entire pool would need to be replaced."

j)  Paragraph 71 of the Picket Complaint averred: "The contractor also told the Plaintiffs that the cost to perform all work – including but not limited to removal of the old structure and installation of a new pool of the size and make similar to what previously was located Iin Plaintiffs' back yard – would be substantially more than the limits for compulsory arbitration in this Court."

k)  The Pickett Complaint seeks damages in excess of the greater of $50,000 or the court's compulsory arbitration limits, compensatory damages, punitive damages, treble damages, delay damages, interests and costs of suit.  (Pickett Complaint at "Wherefore" clause Counts I & II).

l)  As averred in the Coranado's Complaint, Plaintiff tendered the Pickett Complaint and lawsuit to Defendants for defense and indemnity.  (Coronado's Complaint at ¶ 21).

179109418.2                                    4

m) As averred in the Coronado's Complaint, on June 3, 2025 and September 26, 2025, Defendants denied coverage for the Pickett Complaint and lawsuit. (Coronado's Complaint at ¶¶ 23-24).

n) As averred in the Coronado's Complaint, Plaintiff asserts that the denial was incorrect and that Defendants owe a duty to defend and a duty to indemnify the Plaintiff for the Pickett Complaint and lawsuit.  (Coronado's Complaint at ¶ 25).

o) As averred in the Coronado's Complaint, Plaintiff asserts two causes of action against the Defendants - Breach of Contract (Count I) and Statutory Bad Faith pursuant to 42 Pa.C.S.A § 8371 (Count II).

p) In Count I, Plaintiff avers that due to Defendants' failure to defend and indemnify Plaintiffs in the Picket Complaint,  it has sustained damages in an amount in excess of $50,000.00 including, but not limited to, the costs incurred by Plaintiff defending itself.  (Coronado's Complaint at ¶ 34-35; "Wherefore" clause, Count I).

q) In Count II, Plaintiff asserts statutory bad faith and seeks compensatory damages, punitive damages, attorney fees, costs, and enhanced interest in an amount in excess of $50,000.00  (Coronado's Complaint at ¶ 37, 42-43; "Wherefore" clause, Count II).

r) Pennsylvania's Bad Faith Statute, 42 Pa. C.S.A. § 8371 provides for attorney fees, punitive damages, enhanced interest at the prime rate plus 3%, and costs as stated in the statute.

s) Plaintiff avers that it is seeking attorney fees, punitive damages, enhanced interest at the prime rate plus 3%, and costs from Defendants in addition to compensatory damages. (Coronado's Complaint at ¶¶ 37, 42).

t) The amount of damages sought in the various counts and claims of the complaint may be cumulated in order to ascertain the amount sought. Fine v. State. Farm Fire & Cas. Co., 1993 U.S. Dist. LEXIS 7682 (E.D. Pa. 1993).

u) Allegations seeking attorney fees, treble damages, interest, and punitive damages may be considered to determine whether the jurisdictional amount has been satisfied. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 (1943); Neff v. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995).

v) In addition, courts look to the underlying complaint and the value of an insurance policy at issue to determine whether the jurisdictional amount has been satisfied. Zurich Am. Ins. Co. v. Gutowski, 644 F. Supp. 3d 123, 134 (E.D. Pa. 2022) (citing Homesite Ins. Co. v. Neary, Civ. A. No. 17-2297, 2017 WL 5172294, at *2 (E.D. Pa. Nov. 8, 2017)) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995)).

8.    The Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.00, thus jurisdiction of this Court may be exercised on that basis.

9.    The within civil action is one which may be removed to this Court by the Defendants herein pursuant to the provisions of 28 U.S.C. § 1441. This action has been brought in a state court, and a District Court of the United States of America has jurisdiction under 28 U.S.C. § 1332. Employers Ins. v. Crown Corp., 942 F.2d 862 (3rd Cir. 1991).

10.    This removal is timely pursuant to 28 U.S.C. § 1446(b), as this Notice of Removal is being filed within thirty (30) days of service/notice of the Complaint.

11.    All the Defendants consent to removal.

12.    Defendants have, simultaneously with the filing of this Notice, provided written notice to Plaintiff of the removal.

13.    Defendants are filing a copy of the present Notice of Removal and all attachments with the Prothonotary for the Court of Common Pleas of Montgomery County.

14.    Defendant respectfully request that this Court accept jurisdiction of the parties and over this civil action venued in the Court of Common Pleas of Montgomery County, Pennsylvania at no. 2026-14180.

**WHEREFORE**, Defendants The Hartford Insurance Group, Inc. and Maxum Indemnity Company hereby remove this civil action venued in the Court of Common Pleas of Montgomery County, Pennsylvania at no. 2026-14180 to this Court and respectfully request that this Court accept jurisdiction of the parties and over this civil action.

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith, LLP**

s/ *Chester F. Darlington*

Date: July 2, 2026                By:    _____
                                          Steven Urgo, Esq.
                                          Chester F. Darlington, Esq.
                                          565 E. Swedesford Road, Suite 303
                                          Wayne, PA 19087
                                          215.977.4100 telephone
                                          215.977.4101 facsimile
                                          Steven.Urgo@lewisbrisbois.com
                                          Chester.Darlington@lewisbrisbois.com
                                          Attorneys for Defendants
                                          The Hartford Insurance Group, Inc. and
                                          Maxum Indemnity Company

179109418.2                                7

## CERTIFICATION OF SERVICE

I, Chester F. Darlington, Esq., hereby certify that a true and correct copy of Defendants' Notice of Removal was filed with the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania on the date below and served upon all counsel of record below via first class mail, postage pre-paid, and email on the date listed below and that the Notice of Removal is available for viewing and downloading from the ECF system.

Mark F. Himsworth, Esq.
Brittany Ann Kane, Esq.
Hamburg, Rubin, Mullin, Maxwell & Lupin
1684 S. Broad Street, Suite 230
P.O. Box 1479
Lansdale, PA 19446
mhimsworth@hrmml.com
bkane@hrmml.com
*Attorneys for Plaintiff Coronado's Pool Plaster Inc.*

**Lewis Brisbois Bisgaard & Smith, LLP**

s/ *Chester F. Darlington*

Date: July 2, 2026                     By: _____

Steven Urgo, Esq.
Chester F. Darlington, Esq.
565 E. Swedesford Road, Suite 303
Wayne, PA 19087
215.977.4100 telephone
215.977.4101 facsimile
Steven.Urgo@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com
Attorneys for Defendants
The Hartford Insurance Group, Inc. and
Maxum Indemnity Company

179109418.2                                    8